█  In the Matter of the Claim of FRANCIS CORNWALL, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent; DAUERNHEIM, INC., Appellant. In the Matter of DAUERNHEIM, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. The employer is engaged on a large scale in the raising and marketing of plants and shrubs. Claimant was engaged some of the time (40%) directly in that process on the site of the employer's horticultural operation and concerning this part of his services, there is no dispute and it is conceded he was an agricultural worker in noncovered employment. For the rest of the time (60%) he was engaged in selling, and the problem is whether he then continued to be in noncovered employment or was entitled to unemployment insurance benefits. The statute excludes from coverage an employee engaged in " delivering to  *  *  *  market, any agricultural  *  *  *  commodity ", but " only if " this is performed " as an incident to farming operations ". (Labor Law, § 511, subd. 6.) The president of the employer testified that the claimant, as a salesman, sold to wholesale and retail stores and in this work travelled extensively and made sales at a considerable distance from the horticultural operation. He " covered " Wash-

ington, and "New England to some extent there" and "part of Westchester", according to this testimony. "His main job was selling", the employer's president added. This is something different from "delivering to * * * market" an agricultural commodity. It is sales promotion of a substantial enterprise over a large territory; and this to us seems not to meet the conditions of exemption prescribed by the statute. (Cf. *Matter of Thompson [Miller]*, 262 App. Div. 792, affd. 288 N. Y. 595.) Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.