In the Matter of the Claim of ROSEDALE NURSERIES, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, January 25, 1973.

*Dublirer, Hardon & Staraci* (*Harold Dublirer* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Samuel A. Hirshowitz, Murray Sylvester* and *Frederick M. Paola* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 1971, which determined that appellant was subject to the Unemployment Insurance Law and liable for contributions effective January 1, 1967.

The employer is the largest retail nursery in the East, and occupies three locations having a total of more than 300 acres of land. In conjunction with its business, the employer also conducts a landscaping service to which the employer's salesmen and certain of its laborers devote about 70% of their time. This service includes advice as to type of plants to be used, layout and planting, but not gardener's care or maintenance after planting. Upon an audit of the employer's books, it was determined that the employer was liable for contributions based upon 70% of the wages paid to the salesmen and the landscape laborers, beginning with the first quarter of 1967. Wages paid to all other employees were excluded.

The employer contested the determination contending that it was entirely exempt from the provisions of the Unemployment Insurance Law because it is primarily engaged in the nursery business, and the landscaping work is merely incidental thereto.

The Referee determined that, although the Unemployment Insurance Law excludes agricultural labor, landscaping work "is not exempted from the provisions of the Unemployment Insurance Law unless it is incidental to the agricultural labor performed. Here, the landscaping work was not incidental but represented a substantial part of the employer's business".

The board affirmed the Referee's decision. Appellant now contends that its landscaping is only local; that such sales are only incidental to its business; and, that it had been determined in prior cases that it was not subject to the Unemployment Insurance Law. The prior cases rest upon their own set of facts, and do not preclude the board from making a different determination. Agricultural labor including the handling, planting and delivery to market is excluded from the term "employment" by subdivision 6 of section 511 of the Labor Law where such service or labor is performed in the employ of an operator of a farm as an incident to farming operations. The term "farm" includes greenhouses and nurseries, but the exclusion does not apply after delivery of any agricultural or horticultural commodity to a terminal market for distribution for consumption. (Labor Law, § 511, subd. 6.)

The work performed in the employer's landscaping service, for which the employer was held liable for contributions, was work performed after delivery to the terminal market and not on the market premises. While the work performed at the employer's farming operations was exempt, the work performed on a regular basis away from the employer's premises does not qualify for the exclusion. Similarly, the work of the sales force away from the employer's premises is distinct from the farming operations, and designed to promote a substantial landscaping enterprise and to us does not appear to meet the conditions of the exclusion provided by the statute, particularly where, as here, such service constitutes a substantial portion of the business. (*Matter of Cornwall* [*Catherwood*], 17 A D 2d 665; *Matter of Thompson* [*Miller*], 262 App. Div. 792, affd. 288 N. Y. 595.)

The decision should be affirmed, with costs.

HERLIHY, P. J., COOKE, KANE and REYNOLDS, JJ., concur.

Decision affirmed, with costs.