In the Matter of IRISH INTERNATIONAL AIRLINES, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, June 5, 1975

*Smith, Steibel & Alexander (Michael Alexander* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirschowitz* and *Murray Sylvester* of counsel), for respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 1974, which held that appellant is an employer liable for unemployment insurance contributions under article 18 of the Labor Law, effective February 19, 1971.

Appellant is and at all times has been a wholly owned instrumentality of the government of Ireland. Prior to 1965, it made contributions to the New York State Unemployment Insurance Fund. In that year, respondent, on his own initiative, determined that, because it was an instrumentality of a foreign government, appellant was exempt from the Unemployment Insurance Law. In all subsequent cases this determination was consistently reaffirmed in individual rulings by the Referees, pursuant to subdivision 4 of section 560 of the Labor Law. Appellant requested and was refused permission to participate on a voluntary basis in the State's unemployment

insurance program. It then established its own program of unemployment insurance for its employees. In 1971, respondent, again on its own initiative, withdrew the exemption and determined that appellant was a covered employer and, therefore, liable for contributions, retroactive to January 1, 1969. After a requested hearing and appeal, this ruling was affirmed by the Appeal Board with a modification to the extent that appellant's contributions were not to be effective until February 19, 1971, the day following the last Referee's decision holding appellant exempt. This appeal ensued.

Appellant urges three grounds for reversal. It contends that the board's 1965 decision is *res judicata;* that the instant determination is arbitrary and capricious; and, finally, that the decision violated sections 620 through 626 of the Labor Law. Respondent, on the other hand, contends that the 1965 determination was erroneous as a matter of law and respondent had the right and the obligation to correct it.

The facts, circumstances and law pertaining to this controversy were the same in 1965 as they were in 1971 when respondent reversed the prior determination. Initially, the Industrial Commissioner concluded appellant was wholly owned by the government of Ireland and, therefore, exempt from the Unemployment Insurance Law (Labor Law, art. 18). Subsequently, however, in interpreting the same statute, the commissioner concluded that an airline was a civil instrumentality and not governmental and, therefore, appellant did not come within the exemption. We agree with respondent's contention that the 1965 determination was erroneous as a matter of law and respondent had the obligation to correct it. To hold that there was no such obligation would result in exempting appellant from the tax, while at the same time obligating others similarly situated to contribute. Such a situation would be incongruous. It is significant that the object of the Unemployment Insurance Law is to provide financial assistance to those unemployed through no fault of their own.

We conclude that there is no merit to appellant's contention that the subsequent determination was barred by the doctrines of equitable estoppel and *res judicata. (Automobile Club v Commissioner,* 353 US 180; *National Rifle Assn. v Young,* 134 F2d 524; see *Hoffman v City of Syracuse,* 2 NY2d 484, 491.) Nor is there merit to the contention that the determination is arbitrary or capricious.

Finally, we do not agree that paragraph (b) of subdivision 1

of section 620 of the Labor Law makes prior Referees' decisions, which declared appellant exempt from the Unemployment Insurance Law, binding on subsequent claimants.

The decision should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN and LARKIN, JJ., concur.

Decision affirmed, without costs.