In the Matter of SUE-HAVEN FARMS, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 6, 1975

*Carroll, Carroll & Butz (John B. Carroll* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

MAIN, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1974, which reversed the decision of the Referee and determined that the

appellant was subject to the Unemployment Insurance Law and liable for contributions due for the period from April 1, 1971 through June 30, 1973.

There is no dispute as to the relevant facts. The employer, Sue-Haven Farms, Inc., owns and operates a 200-acre dairy farm in the southern sector of Albany County. The corporation maintains a dairy of 70 milking cows plus breeders and young stock and has the usual facilities to house, feed and milk the herd. In addition, contiguous to the dairy barn is a small milk processing plant where the employer pasteurizes, homogenizes, processes and packages the milk produced on the farm. The only employee in the processing plant works a four-day week, spending two days in the processing plant and two days loading and delivering to customers, most of whom are located within a five-mile radius of the farm. The customers include stores, a youth camp, a plant, a school and one restaurant. For the convenience of a customer or two, the employee, when delivering, carries an inconsequential supply of eggs and sour cream, neither of which is produced on his employer's farm. While carrying out his delivery duties, the employee does not sell or solicit business in any manner.

By initial determination, the employee was found to be not engaged in agricultural labor (Labor Law, § 511, subd 6). The Referee reversed that finding and the board affirmed the Referee's decision. However, the Industrial Commissioner applied for reopening pursuant to section 534 of the Labor Law, and the board, after reopening and reconsideration, rescinded its original decision, reversed the Referee and sustained the initial determination. The employer appeals, asserting that the employer is exempt, for the reason that the employee was an agricultural worker within the meaning of the Labor Law. We agree.

Clause (i) of paragraph (3) of subdivision 6 of section 511 of the Labor Law defines, in pertinent part, agricultural labor to include all services performed in handling, packaging, processing or delivering to market, any agricultural or horticultural commodity; but only if such service is performed in the employ of an operator of a farm as an incident to farming operations. The board, in its decision, after conceding that "the processing itself may be incidental to the farming operation", then went on to find "that the services performed by the truck driver, in making deliveries to its customers, did not constitute agricultural labor, but were covered employment".

It is thus apparent that the only standard or requirement for exemption under subdivision 6 of section 511 of the Labor Law in question here is the one requiring that the delivery to market be incidental to the farming operation. It is equally apparent that, in reaching its determination, the board relied primarily upon the decision in *Matter of Rosedale Nurseries (Levine)* (40 AD2d 320, affd 34 NY2d 865) and to some extent upon the decisions in *Matter of Cornwall (Catherwood)* (17 AD2d 665) and *Matter of Thompson (Sagtikos Farm)* (262 App Div 792) and clearly that reliance was misplaced because these cases are readily distinguished from the case at hand. *Rosedale (supra)* concerned dual capacity salesmen and laborers who spent 70% of their working hours away from the nursery, and involved services performed on the customers' premises *after* delivery of the employer's product. *Cornwall (supra,* p 666) concerned an employee who admittedly spent most of his time in sales promotion, traveling throughout several States, Westchester County and the District of Columbia, and this court held that "This is something different from 'delivering to * * * market' an agricultural commodity". *Thompson (supra)* involved a bookkeeper whose duties consisted of keeping the records of milk sold or returned and the cash collected by the several salesmen. The majority of this court found the services to be distinct from the farming operation and not interrelated, and further found that the services performed were accomplished after delivery to market. The employee deliveryman's services here were obviously performed before and during delivery and were terminated when the delivery was accomplished. We find it equally obvious that the services were incidental to this operation because without them, the final vital cycle of the operation, sale of the farm's product, where it loses title, right of possession and control, could not be completed. Delivery was interrelated to the farm operation. While *Matter of Butler (Miller)* (258 App Div 1017) involved a predecessor statute, it is still solid authority for the proposition that the sale of farm products is an incident and corollary to the production and the further proposition that the sale and delivery of inconsequential amounts of produce not produced upon the employer's farm does not destroy an otherwise exempt status.

Any fair reading of the statute and its application to the facts here must lead to the conclusion that the legislative standards for exemption under the statute were clearly met.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, KANE and LARKIN, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.