(September 21, 1978)

■ In the Matter of ARGENTINE AIRLINES, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1977, which modified, and affirmed, as modified, a decision of a referee sustaining the revised determination of the Industrial Commissioner assessing the employer the sum of $14,130 as contributions due from the employer for the audit period from January 1, 1971 through December 31, 1971. The employer is an airline organized under the laws of Argentina as a decentralized public organization to render services in the field of commercial aviation. It operates as a subdivision of a government ministry, carrying passengers and cargo on scheduled flights from Argentina to and from points in the United States, including New York, pursuant to United States Civil Aeronautics Board license. The airline employs in excess of 110 employees in New York State of which approximately one half are Argentine nationals on assignment for the employer and one half are United States citizens or residents. The appeal board determined the employer airline to be liable for contributions and sustained a determination of the Industrial Commissioner assessing the employer the sum of $14,130 as contributions due for the 1971 calendar year. The employer functions as a public organization within the administrative hierarchy of the government of Argentina and as a private company with respect to its commercial activities. The commercial passengers who comprise more than one half of the employer's payload are carried at fixed rates and authorized Argentinian government employees at no charge. Argentine government cargo is carried at no charge and cargo of private concerns is carried at international airfare tariffs. In order to carry out its operations, the employer maintains an office in New York City and also leases facilities and services at John F. Kennedy International Airport. The assessment herein is based upon remuneration paid to the employees performing services in New York State. The employer contends that since it is part of the government of Argentina, organized and operated for a public purpose, it is governmental in nature and therefore immune from liability for unemployment insurance contributions. The New York State Unemployment Insurance Law extends no express exemption from taxation to a foreign government or its operations. We conclude that by accepting a permit issued by the Civil Aeronautics Board, pursuant to 14 CFR 375.26, Argentine Airlines expressly waived, when engaged in proprietary or commercial activities, any right it might possess to assert any defense of sovereign immunity in any action or proceeding instituted against it in any court or tribunal in the United States based upon any claim arising out of operations by it under the permit. Since this claim for unemployment insurance taxes arises out of the employer's operations in New York State, the employer should be precluded from asserting, with respect to its commercial functions, the defense of sovereign immunity as to the government of Argentina. The record supports the determination of the board that the employer's activities are primarily commercial in nature (see *Matter of Irish Int. Airlines [Levine]*, 48 AD2d 202, affd 41 NY2d 819), and it is therefore liable for unemployment insurance contributions pursuant to article 18 of the New York State Labor Law. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Larkin, JJ., concur.