■ In the Matter of NANCY A. HORNOWSKI, Doing Business as LONG ISLAND INSTITUTE OF MUSIC, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 19, 1981. In September, 1978, the Industrial Commissioner determined that music teachers working for the appellant employer were employees and that, therefore, the employer was liable for unemployment insurance contributions. This determination was contrary to a prior ruling, issued in 1957, which found the music teachers to be independent contractors. The employer does not contest the finding that the music teachers were employees. Nor does she contend that the Industrial Commissioner could not change the prior ruling. Rather, this appeal is limited to the portion of the Industrial Commissioner's determination, as affirmed by the board, which ruled the employer liable for contributions retroactive to January 1, 1975. Initially, we note that pursuant to subdivision 1 of section 576 of the Labor Law, the Industrial Commissioner had the authority to impose liability on the employer retroactive to January 1, 1975. Next, we reject the employer's contention that the Industrial Commissioner was estopped by his prior ruling from making the new ruling retroactive. The doctrine of estoppel is not applicable in cases such as this (see *Matter of Irish Int. Airlines [Levine]*, 48 AD2d 202, affd 41 NY2d 819). Lastly, we find no merit to the employer's contention that the retroactive imposition of liability was unreasonable and a denial of due process (*id.*). Decision affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.