■ In the Matter of the Claim of ETHEL DUNFORD, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 1984, which ruled that claimant was ineligible to receive benefits and charged her with a recoverable overpayment of benefits.

Claimant was employed as a legal secretary for four days before she left her employment. She applied for benefits and claimed that she left her job because she had an asthma condition, of which her employer was aware, which was aggravated by cigarette smoke from her co-workers. Claimant's employer responded that claimant wrote him a letter stating the reasons that she quit. Such letter contains no mention of an asthma condition and simply mentions a number of reasons why claimant was dissatisfied with the way that her employer ran the office. There is no dispute that the reasons discussed in this letter do not constitute good cause for claimant to leave her employment. At a second interview, claimant explained that there were a number of reasons, including her asthma condition, for her decision to quit her job. She also explained that her failure to include this factor in her letter was an oversight. The local office issued its initial determination that claimant was eligible, and claimant began receiving benefits. The employer protested, and the local office decided to review the claim. After taking further written statements, the local office decided that claimant was not eligible for benefits and stopped payments. The local office also notified claimant that she had to repay the $1,476 in benefits already paid. On claimant's appeal, such decision was affirmed by an administrative law judge, whose decision was adopted by the Unemployment Insurance Appeal Board. This appeal by claimant ensued.

Claimant's primary argument is that the benefits are not recoverable pursuant to Labor Law § 597 (4) since the Commissioner of Labor had no authority to review the initial determination pursuant to Labor Law § 597 (3). Labor Law § 597 (4) provides the Commissioner with a right of action to recover overpaid benefits where a decision of a referee, the Board, a court or the Commissioner, upon a proper review of an initial determination, results in a decrease or denial of benefits. Labor Law § 597 (3) limits the situations where the Commissioner can review an initial determination. In the absence of fraud or willful misrepresentation, an initial determination can be reviewed "only within one year from the date it is issued because

of new or corrected information * * * provided that no decision on the merits of the case has been made upon hearing or appeal" (Labor Law § 597 [3]). In the instant case, claimant contends that all of the relevant facts were before the local office when it made its initial determination and that no "new or corrected information" came to light to support the revised initial determination.

Curiously, though this statutory limitation has been in place for over 30 years, there are no reported cases interpreting the phrase "new or corrected information".* The apparent purpose of the limitation is to maintain orderly procedure by preventing the Department of Labor from simply changing its mind and by requiring cases to proceed progressively to a referee's hearing (Labor Law § 620), to the Board (Labor Law § 621) and, thence, to this court (Labor Law § 624). Obviously, where an initial determination appears to be erroneous in light of new or corrected information, it would be a waste of time and effort to wait for a referee to correct the error. This being the case, the phrase "new or corrected information" should be liberally construed. In this cause, it may be true that no completely new information was presented after the initial determination. However after the employer's protest, the local office was free to request additional information from claimant. The information presented constituted an amplification of prior information sufficient to authorize review. We note that the decision to review worked no substantial prejudice to claimant since, if there was no review and an appeal by the employer had resulted in the ruling reached by the referee herein, the Commissioner would still have had a right of action to recover the overpaid benefits (Labor Law § 597 [4]).

Finally, we reject claimant's contention that the Board's decision was unsupported by substantial evidence. An issue of credibility was presented which the Board resolved against claimant.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* The statute originally referred to "new or corrected *wage* information" (L 1944, ch 705; emphasis supplied). In 1951, the word "wage" was eliminated (L 1951, ch 645).