■ In the Matter of the Claim of STUART J. ALLYN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1986, which allowed the Commissioner of Labor to recover a portion of overpaid benefits due to an uncontested finding that claimant was not totally unemployed.

The sole issue in this case is whether there is substantial evidence to support the administrative finding that the Commissioner of Labor was empowered by Labor Law § 597 (3) to recover benefits paid to claimant based upon new and corrected information received by the Commissioner that claimant wrote checks on behalf of the corporation during the alleged unemployment period in question.

By initial determination of the Commissioner effective April 23, 1984 through September 9, 1984 and September 17, 1984 through December 3, 1984, claimant was ruled ineligible to receive benefits because of lack of total unemployment. He was charged with an overpayment of $5,975 in benefits ruled to be recoverable and his right to future benefits was reduced a total of 146 days because of willful false statements made to obtain benefits. This determination was issued August 1, 1985.

On appeal to an Administrative Law Judge, the initial determination reducing claimant's right to future benefits due to willful misrepresentations was overruled. The determination finding lack of total unemployment was sustained. The determination allowing recovery of overpayment was modified to the extent that the Commissioner was allowed to recover only moneys paid during the 12 months prior to August 1, 1985.

The Unemployment Insurance Appeal Board adopted the findings of fact and opinion of the Administrative Law Judge. The Board, however, also held: "We reject the claimant's

contention that the Commissioner of Labor was precluded from issuing the determinations herein by section 597.3 of the Labor Law." Thus, this appeal by claimant is only concerned with the right of the Commissioner to recover moneys going back one year from August 1, 1985, the date of her determination.

Initially, we reject claimant's contention that review of his eligibility is barred because it occurred more than one year after the date of the original determination of eligibility. Labor Law § 597 (3) provides that a determination regarding a benefit claim may be reviewed within one year from the date it is issued because of new or corrected information in the absence of fraud or willful misrepresentation. Each time a claimant appears at a local office of the Department of Labor and makes certifications, a new determination is made (see, Matter of McCune [Ross], 83 AD2d 659).

We also reject claimant's contention that review was barred because the Commissioner did not act upon new or corrected information. This court, in Matter of Dunford v Roberts (111 AD2d 1067), stated that the words " 'new or corrected information' " in the statute must be given a broad liberal construction so as not to unduly inhibit the Commissioner's authority or responsibility to correct errors, thereby protecting rights of both claimants and employers. Here, while claimant's initial disclosures did indicate some involvement with promoting a business, they failed to disclose that he was paying numerous bills on behalf of the corporation. The check register listing the checks which claimant wrote on behalf of the corporation was completely "new" information. The check register with its disclosures indicated a far greater participation by claimant in the corporation than he originally admitted.

Accordingly, we hold that there is substantial evidence in the record to support the finding of the Board that the Commissioner was empowered to recover benefits from claimant based on new and corrected evidence.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.