In the Matter of the Claim of CAROLYN COUNCIL, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.

Third Department, December 30, 1987

## APPEARANCES OF COUNSEL

*Robert Abrams,* Attorney-General *(Frederick M. Paola* of counsel), for appellant.

*Judith M. Gerber* for respondent.

## OPINION OF THE COURT

KANE, J. P.

In this matter, the essential facts are not in dispute. Claimant, a regular student at the State University of New York at Buffalo, was employed by its Educational Opportunity Center from January 26, 1984 to September 12, 1984, during which time she regularly attended school and had no other employment. She lost her employment under nondisqualifying conditions and, upon her application for unemployment benefits on December 19, 1984, she accurately reported the nature of her employment on the application and that she was a student at the State University where she was employed. When the local unemployment insurance office requested wage information from claimant's employer, it was notified by the employer, in writing, that claimant was a student rendering services at her educational institution and should be denied benefits under the provisions of Labor Law § 511 (15). Nevertheless, and as a result of an apparent oversight at the local office, an initial determination was made awarding claimant benefits. These benefits continued until April 1985, when the employer questioned the experience rating charges against it and erroneously notified the local office that it had no record of claimant being employed. This information prompted a review of the claim by the Unemployment Insurance Division in Albany, which, upon recognition of claimant's status as a student in regular attendance, advised the local office to invalidate claimant's claim for benefits.

Accordingly, a redetermination was issued by the local office ruling claimant ineligible to receive benefits, effective December 17, 1984, and charging her with an overpayment of $860 in benefits. After a hearing, an Administrative Law Judge sustained the determination finding the overpayment in benefits to be recoverable, which finding was reversed by the Unemployment Insurance Appeal Board upon the ground that there was no authority for the Commissioner of Labor to review and redetermine claimant's eligibility, after the award of benefits, in the absence of "new or corrected information", as required by Labor Law § 597 (3), which statute did not contemplate the discovery of errors or mistakes by a local office as within its provisions. This appeal by the Commissioner ensued.

Labor Law § 597 (3) in relevant part provides as follows: "Limitation on review of determinations. Any determination

regarding a benefit claim may, in the absence of fraud or wilful misrepresentation, be reviewed only within one year from the date it is issued because of new or corrected information * * * provided that no decision on the merits of the case has been made upon hearing or appeal." We have recently considered the limitations imposed by this statute and concluded that, essentially, its purpose was to prevent "the Department of Labor from simply changing its mind" and that "where an initial determination appears to be erroneous in light of new or corrected information, it would be a waste of time and effort to wait for a referee to correct the error" *(Matter of Dunford [Roberts],* 111 AD2d 1067, 1068). Accordingly, we concluded that "the phrase 'new or corrected information' should be liberally construed" *(supra,* at 1068). Although *Dunford* may be distinguished on its facts, since it concerned "an amplification of prior information" *(supra,* at 1068), the rule of construction established should obtain and apply to a situation where, as here, upon internal review by a higher authority, it is manifest that the original determination was incorrect in fact or law. It is both an inherent power vested in the Commissioner, as well as an affirmative obligation that the law be properly administered and erroneous determinations of eligibility corrected. Absent such powers, in a case such as the one at bar, benefits erroneously paid would not only be retained, but would continue notwithstanding a claimant's obvious ineligibility. Accordingly, the determination of the Board cannot stand.

MAIN, CASEY, WEISS and LEVINE, JJ., concur.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision.