■ In the Matter of the Claim of PAUL OAKES, Respondent. STROEHMAN BAKERIES, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Kane, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 1987, which ruled that claimant was entitled to receive benefits.

From May 1985 to October 1985, claimant held the exclusive right to sell and distribute the products of Stroehman Bakeries, Inc. throughout a designated area in the vicinity of the Town of Malone, Franklin County, in accordance with the provisions of a written "distributor's agreement" between claimant and Stroehman. The agreement specifically provided that claimant, as a distributor, was a self-employed independent business man and was not to be deemed to be in any way an employee of Stroehman.

The Unemployment Insurance Appeal Board, in affirming the determination of an Administration Law Judge (ALJ), has determined otherwise and credited claimant with 36 weeks of work and an appropriate amount of wages as an employee during the period the distributor's agreement was in effect. The only issue on this appeal is whether there is substantial evidence to support that decision.

Although the distributor's agreement was designed by Stroehman to make claimant an "independent businessman", substantial evidence presented at the hearing before the ALJ

describing the actual performance of claimant under the terms of the agreement established the existence of an employer-employee relationship. The degree of control reserved by Stroehman over claimant's activities is especially significant (see, Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725). Company representatives monitored and supervised his work, his operations were limited to a designated subarea, and Stroehman provided route books and customer lists and placed restrictions on the sale of other products. If claimant required or requested time off from his duties, he was required to provide and pay a replacement operator who was acceptable to Stroehman. The repayment and surrender provisions in the agreement, which were operative in the event claimant was dissatisfied with results of his replacement's efforts, are also relevant in determining the nature of the parties' actual relationship. Although there may be substantial evidence to support a finding that claimant was an independent contractor as well as that he was an employee, we are not permitted to make that choice (see, Matter of England [Levine], 38 NY2d 829, 830). Where, as here, there is substantial evidence to support the Board's decision, we must affirm (see, Matter of Fox [Whalen—Roberts], 69 NY2d 679, cert denied sub nom. State Line Delivery Serv. v Rivera, — US —, 107 S Ct 2181).

Decision affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.