■ In the Matter of the Claims of DOROTHEA SIMONE et al., Appellants. ESTATE OF EDWARD C. KING, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 1987, which charged claimants with recoverable overpayments of benefits.

Claimants are registered nurses who provided care for Edward C. King in his home from February 1983 until his death in April 1984. King had been diagnosed by his physician, Dr. Cusick, as suffering from senility and was permitted to remain at home only on the condition that he receive around-the-clock nursing care. Cusick requested claimant Mary Crowley to arrange this care which she did by hiring, among others, claimants Dorothea Simone and Mary L. Hagin. Following King's death, claimants applied for and received unemployment insurance benefits. King's estate challenged its assessment for these benefits asserting that claimants had been independent contractors. An administrative hearing ensued.

By decision of December 27, 1984, the Administrative Law Judge (ALJ) sustained the Commissioner of Labor's award of benefits to claimants, ruling that they had worked for King as employees. An appeal was taken to the Unemployment Insurance Appeal Board, which rescinded the ALJ's decision and directed that another hearing be held to elicit testimony regarding the degree of supervision, direction and control exerted over claimants. Following that hearing, a decision was issued on March 24, 1986 in which the ALJ again sustained the initial determination in favor of claimants. On appeal, the Board, by decision dated August 25, 1986, reversed the ALJ's determination. The Board ruled that claimants had been independent contractors and were thus ineligible for benefits. The Board noted that claimants had determined their own work schedules as well as the nature of the health care given to King, that they rarely were in touch with Cusick and that King was too senile to exercise any direction or control over them. No appeal was taken from this determination.

Based upon the Board's finding that claimants were not entitled to benefits, the Commissioner calculated that claimants Simone, Hagin and Crowley had been overpaid and that the overpayments were recoverable pursuant to Labor Law § 597 (4). Claimants challenged this determination and, following a hearing, the ALJ sustained the determination in a decision dated October 21, 1986. The Board affirmed by decision filed March 12, 1987. This appeal followed.

Initially, claimants contend that the overpayments should not be recoverable since the December 27, 1984 determination of the ALJ in their favor was allegedly not reviewed by the Board within one year (citing Labor Law § 597 [3]). This contention is unavailing in that the one-year limitation on the review of determinations set forth in Labor Law § 597 (3)

applies only to determinations issued by the Commissioner of Labor and to his right to redetermine claims within one year based on new or corrected information *(see, Matter of Council [Roberts],* 132 AD2d 437, 439).

Claimants next argue that recovery of their overpayments is barred by the principle of equitable estoppel. We cannot agree. The doctrine of equitable estoppel may not be used "against a governmental agency in the exercise of its governmental functions" *(Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33; *see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 449) except in the most limited factual situations *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93, n 1). Here, claimants contend that they were led to believe that the payments were rightfully theirs by the ALJ's decision in their favor. If claimants' contention was accepted and estoppel applied, it would effectively preclude review by the Board of determinations favorable to claimants since they could always claim to have relied upon the ALJ's determination. Such a holding would also undermine the Legislature's intent in amending Labor Law § 597 (4) (L 1983, ch 415, § 9) to no longer require a false statement or willful concealment in order for the Commissioner to recover over-paid benefits.

Claimants also assert that their overpayment can only be recovered through a civil action. The Commissioner agrees. Labor Law § 597 (4) (as amended by L 1983, ch 415, § 9) provides that whenever "a decision by a referee, the appeal board, or a court results in a decrease or denial of benefits previously allowed, the commissioner shall have a right of action for recovery of moneys paid pursuant to the prior determination or decision". Under this statute, if claimants refuse to remit their overpayments, the Commissioner can institute a civil action against them for the amount of the overpayment.

Claimants' remaining contentions are not properly before this court since they involve the Board's August 25, 1986 decision, a decision from which claimants did not appeal.

Decision affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.