■ In the Matter of PEPSI COLA BUFFALO BOTTLING CORPORATION, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 1987.

This case has its genesis in an unemployment insurance claim filed by Robert S. Teno, who formerly worked as a distributor-driver pursuant to a subfranchise agreement with Pepsi Cola Buffalo Bottling Corporation. By letter dated May 20, 1985, the local unemployment office advised Pepsi that Teno was an independent contractor and thus ineligible for unemployment benefits. By letter dated December 4, 1985, however, the local office notified Pepsi that "upon further review of the information provided" it was determined that Teno, and others similarly situated, worked as Pepsi's employee. This conclusion was premised on the employment

definition set forth in Labor Law § 511 (1) (b) (1),[1] as well as certain indicia of control retained by Pepsi in its distribution agreement with Teno. An audit followed and Pepsi was assessed $26,826.57 for unemployment insurance contributions due. Pepsi protested and, after a hearing, an Administrative Law Judge determined that while Labor Law § 511 did not pertain, Pepsi had retained sufficient control over its distributor-drivers to establish an employment relationship. The Unemployment Insurance Appeal Board affirmed and Pepsi has appealed.

As a threshold point, Pepsi maintains that the Commissioner of Labor, through the local office, was precluded from revising the May 20, 1985 determination since there admittedly was no "new or corrected information" as required by Labor Law § 597 (3). Labor Law § 597 (3) limits the Commissioner's authority to review an initial determination to situations where " 'new or corrected information' " is presented within one year (see, Matter of Council [Roberts], 132 AD2d 437, 439; Matter of Dunford [Roberts], 111 AD2d 1067, 1068). This statute, however, pertains only to determinations regarding a benefit claim. The focus here, as concluded by the Board, is on Pepsi's liability for tax contributions due pursuant to Labor Law §§ 571 and 576, not on Teno's individual benefit claim.[2] The Commissioner was authorized to correct what was perceived to be an erroneous characterization of Pepsi's distributor-drivers (see, Matter of Irish Intl. Airlines [Levine], 48 AD2d 202, 203, affd 41 NY2d 819). The fact that Teno's benefit claim was initially denied did not estop the Commissioner from further assessing Pepsi's tax status (supra; see, Matter of Rosedale Nurseries [Levine], 40 AD2d 320, 321, affd 34 NY2d 865). It follows that the review strictures set forth in Labor Law § 597 (3) do not apply.

Turning to the merits of Pepsi's contention that its distributor-drivers are independent contractors and not employees, we find the Board's determination to be supported by substantial evidence and not otherwise irrational or unlawful. Written distributorship or franchise agreements which seek to pre-

1. Labor Law § 511 reads, in pertinent part, as follows: "1. General definition. 'Employment' means * * * (b) any service by a person for an employer (1) as an agent-driver or commission-driver engaged in distributing * * * beverages other than milk".

2. During the hearing, the Commissioner's representative testified that Teno never appealed from the denial of his initial claim for benefits. He further explained that Teno subsequently filed a second claim which was approved on the basis of other employment.

clude employer-employee relationships, particularly where drivers and deliverymen are involved, have become commonplace. However, language in an agreement to the contrary notwithstanding, if the evidence establishes that sufficient supervision, direction and control is exercised over the drivers, an employer-employee relationship may be found *(Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, *cert denied* 481 US 1049; *Matter of Oakes [Stroehman Bakeries—Roberts],* 137 AD2d 927). The existence of an employment relationship presents a question of fact for the Board to resolve, and while no single factor is determinative, control over the means used to achieve the desired result is particularly significant *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521). While the Pepsi subfranchise agreement purports to identify Pepsi's distributor-drivers as "independent contractors", the agreement also vests Pepsi with substantial control over a driver's activities. There is nothing in this record to suggest that Pepsi did not implement its authority under this agreement or that the agreement did not outline the actual relationship between the parties. In our view, the record substantiates the Board's finding of an employment relationship *(see, Matter of Oakes [Stroehman Bakeries—Roberts], supra; see also, Matter of B.S.M. Limousines Corp. [Hartnett],* 143 AD2d 459).

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.