■ In the Matter of JEFF COBB et al., Doing Business as AD-VANTAGE PROMOTIONS, Appellants. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [597 NYS2d 504] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 1992, which assessed Jeff Cobb and Joe Farnach for additional unemployment insurance contributions.

Jeff Cobb and Joe Farnach own a company that produces advertising placemats for restaurants. The company uses the services of sales representatives to both sell the advertising spaces and to sell the placemats themselves to the restaurants. The company provides the sales representatives with its business cards and their sales leads at no charge. The sales representatives are required to use the company's printed sales brochures, its advertising order forms and standard placemat format sheets. The company sets the price for the

advertising spaces and for the placemats. The sales representatives cannot charge more than the price set by the company and may charge less only by reducing their own commissions. They receive a set commission of 40% of the advertising revenue and make all the arrangements between the restaurants and the advertisers.

The question of whether an employer-employee relationship exists depends on whether there is evidence of either control over the results achieved or over the means used to achieve those results (see, Matter of Rivera [State Line Delivery Serv.— Roberts], 69 NY2d 679, cert denied 481 US 1049). Given the facts of this case, we find substantial evidence to support the finding by the Unemployment Insurance Appeal Board that the direction and control exercised by the company over its sales representatives were sufficient to establish their status as employees (see, Matter of Oakes [Stroehman Bakeries—Roberts], 137 AD2d 927; Matter of Cohen [Blinder, Robinson & Co. —Roberts], 112 AD2d 687, affd 67 NY2d 683). In reaching this conclusion, we also note that the sales representatives did not have their own independent advertising businesses and, as one of the company's owners admitted, the company could not operate without their services (see, Matter of Studio Theatre School Corp. [Roberts], 99 AD2d 637).

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.