▆ In the Matter of the Claim of MICHELE M. MICHAUD, Respondent. CARDINAL CLAIM SERVICES, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [648 NYS2d 483] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 6, 1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked from January 1991 to April 1991 as an investigator for the employer, a company engaged in the business of insurance claims adjustment. She was paid at the rate of $14 per hour to investigate and submit written reports on claims involving motor vehicle accidents and "slip and fall" cases. Her duties included taking statements from insureds and witnesses and sketching and photographing accident scenes. Claimant's position with the employer ended after she broke her leg. The Board ultimately determined that claimant was eligible for unemployment insurance benefits on the ground that the employer had exercised sufficient control over her work to render her its employee rather than an independent contractor. The employer appeals.

The determination of whether an employer-employee relationship exists turns on whether it can be shown that the employer had direct control over either the results achieved by the employee or over the means used by the employee to achieve said results (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049; *Matter*

*of Cobb [Hudacs]*, 193 AD2d 848, 849). We find there to be substantial evidence to support the finding of an employer-employee relationship here. The employer gave claimant specific assignments and deadlines by which they were to be completed, and claimant's reports did not go directly to the employer's clients but were merely used by the employer as sources of data. Further, claimant was paid regardless of whether the employer had been paid by its clients (*see, Matter of FMI Interpreting Servs. [Hudacs]*, 192 AD2d 1006). Given the numerous indicia of an employer-employee relationship in this matter together with the deference paid to factual determinations rendered by the Board (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521), we affirm.

Mikoll, J. P., Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.