■ In the Matter of the Claim of MICHAEL J. McKENNA, Respondent. CAN AM RAPID COURIER, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 953] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1995, which ruled that Can Am Rapid Courier, Inc. was liable for additional unemployment insurance contributions.

Can Am Rapid Courier, Inc. operates a delivery service. The deliveries are performed by individuals who Can Am claims are independent contractors. These individuals enter into agreements with Can Am whereby they lease their vehicles to Can Am. They are required to fill out applications and submit their drivers' licenses. They are responsible for the deliveries and normally drive their own vehicles. They can, however, hire substitute drivers. The lease agreement requires these individuals, inter alia, to undertake deliveries only as authorized to do so by Can Am's dispatcher, supervisor or authorized representative, to handle any shipment expeditiously and complete it promptly in accordance with instructions, and to make sure that those individuals operating the vehicles do so safely and in accordance with Can Am's rules of employment. The agreement also includes noncompetition and nondisclosure clauses.

Can Am negotiates a rate with the owners of each vehicle. Insurance responsibility is split, with Can Am providing cargo insurance and the individuals providing the other required coverage. The individuals are paid weekly. Those newly hired are subjected to a review process with Can Am's manager of operations. Deliveries typically occur in the following manner. Can Am's dispatcher receives a call for a delivery from a customer who gives the dispatcher the size of the shipment, the time requirement, place of origin and destination. The driver of the leased vehicle picks up and transports the shipment. The vehicle carries a Can Am logo. The driver of the vehicle calls in when the job is completed. At the end of each week, the drivers deliver the bills of lading and a log book of

deliveries. The drivers of the vehicles are the ones who usually call in for deliveries.

The question of whether an employer-employee relationship exists involves a determination as to whether there is sufficient evidence of either control over the results achieved or control over the means used to achieve those results (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049). Here, there is substantial evidence to support the finding by the Unemployment Insurance Appeal Board that Can Am exercised sufficient overall control over the services of the owners of the leased vehicles to establish their status as employees (*see, Matter of Cobb [Hudacs]*, 193 AD2d 848; *Matter of CDK Delivery Serv. [Hartnett]*, 151 AD2d 932). The fact that the agreements between Can Am and the owners of the vehicles were characterized as lease agreements is not determinative of the actual status of those persons (*see, Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220).

We also reject Can Am's assertion that the Board was barred by the doctrine of res judicata from concluding that the owners of the leased vehicles were employees. Can Am's assertion is based on the fact that in prior administrative decisions, Can Am was found to be exempt from liability. Res judicata, however, does not make prior administrative decisions binding when they are erroneous as a matter of law (*see, Matter of Pascual v State Bd. of Law Examiners*, 79 AD2d 1054, *lv denied* 54 NY2d 601; *see also, Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett], supra*). In addition, and in our view significant, is the fact that the instant determination involved different individuals and covered a time period subsequent to that involved in the prior determinations (*see, Matter of Hornowski [Ross]*, 86 AD2d 936; *Matter of Irish Intl. Airlines [Levine]*, 48 AD2d 202, *affd* 41 NY2d 819). The Board satisfied its burden by explaining the reasons for its refusal to adhere to the prior decisions (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.