◼ In the Matter of the Claim of GLENROY M. FRANCIS, Respondent. WEST SANITATION SERVICES, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [668 NYS2d 55] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1996, which ruled that West Sanitation Services, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

West Sanitation Services, Inc. is a franchisor of washroom sanitation services and products. In June 1987, claimant entered into a franchise agreement with West and thereafter performed sanitation services. By letter dated February 4, 1993, the Commissioner of Labor, based upon claimant's statement regarding his employment with West and information provided by West, determined that claimant was ineligible to receive benefits since he was not West's employee but instead had purchased a franchise from West. Thereafter, by letter dated September 2, 1993, a redetermination "[b]ased on additional information" was issued finding that claimant was West's employee and not a franchisee. West appealed and, following a hearing, an Administrative Law Judge sustained the determination finding that an employer/employee relationship existed. This decision was affirmed by the Unemployment Insurance Appeal Board.

As a threshold matter, we reject West's contention that the Commissioner was precluded from revising the initial determination since there was no new or corrected information as required by Labor Law § 597 (3). We have previously considered the limitations imposed by this statute and have held that the

phrase "new or corrected information" should be broadly and liberally construed (*see, Matter of Allyn [Roberts]*, 134 AD2d 798, 799; *Matter of Dunford [Roberts]*, 111 AD2d 1067, 1068). This construction would apply where, as here, after an internal review by a higher authority, in this case the Adjudication Service Office, it is manifest that the original determination was incorrect (*see, Matter of Council [Roberts]*, 132 AD2d 437, 439).

Regarding the merits of West's contention that claimant was an independent contractor, our review is limited to ascertaining whether the Board's decision is supported by substantial evidence, and if so its decision must be affirmed even though there might be evidence to support a contrary conclusion (*see, Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs]*, 208 AD2d 1105, 1106; *Matter of Lafayette Stor. & Moving Corp. [Hudacs]*, 197 AD2d 742, 743, *lv denied* 83 NY2d 758). The question of whether there was an employer/employee relationship between claimant and West depends upon whether West exercised control over the results produced or the means to achieve the results (*see, Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs], supra*, at 1106; *see also, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049).

Although the franchise agreement purports to identify claimant as an independent contractor, "it is well established that such contract terms are not dispositive of the issue of a claimant's employment status" (*Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, 723, *lv denied* 89 NY2d 817; *see, Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220, 222). Under the circumstances presented here, the Board could properly determine that claimant was West's employee since the franchise agreement vested West with substantial control over claimant's activities (*see, Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett], supra*, at 222; *cf., Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs], supra*). Accordingly, the Board's decision finding claimant eligible for benefits is affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.