■ In the Matter of the Claim of DONALD BERNSTEIN, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 403] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 1997, which, *inter alia*, reduced claimant's weekly unemployment insurance benefit rate.

By initial decision dated May 23, 1995, claimant was deemed eligible to receive unemployment insurance benefits. On May 7, 1996, after an inquiry by the local unemployment insurance office, claimant was notified that he was ineligible to receive benefits pursuant to Labor Law § 600 (7) due to the monthly pension he had been receiving. He was further notified on May 14, 1996 that he owed a recoverable overpayment of benefits. The Unemployment Insurance Appeal Board, rejecting claimant's assertion that revising the initial determination was precluded because there was no "new or corrected information" as required by Labor Law § 597 (3), ultimately affirmed the redetermination. We affirm.

It is well settled that the phrase "new and corrected information" as contained in Labor Law § 597 (3) should be broadly and liberally construed (*see, Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751). While claimant had disclosed the fact that he would be receiving a monthly pension of approximately $739 (having crossed out "$800" on the pension questionnaire), the employer never responded to the local office's inquiries to verify the exact amount and starting date of claimant's pension. Thereafter, on May 7, 1996, claimant verified the information the employer had failed to provide and indicated that the pension had been fully funded by the employer. We conclude that the information provided by claimant on May 7, 1996 was an "amplification of prior information sufficient to authorize review" of the initial determination (*Matter of Dunford [Roberts]*, 111 AD2d 1067, 1068; *see, Matter of Council [Roberts]*, 132 AD2d 437, 439) and, accordingly, affirm the Board's decision. Claimant's remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., White, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.