■ In the Matter of the Claim of GLORIA KAPLAN, Respondent. TUPPERWARE DISTRIBUTORS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 352] —Graffeo, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 1997, which assessed Tupperware Distributors, Inc. additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Claimant worked for over 20 years for Tupperware, Inc. (hereinafter Tupperware), a manufacturer of kitchenware products. At the time of her discharge, claimant's job title was that of a sales distributor consultant, whose job responsibilities included the recruitment and training of sales representatives for Tupperware Distributors, Inc. (hereinafter TDI), a Tupperware subsidiary. The record contains substantial evidence to

support the conclusion of the Unemployment Insurance Appeal Board that TDI exercised sufficient direction and control over the work of claimant and those similarly situated to establish an employment relationship (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049). As it did for all its distributors, TDI reimbursed claimant for her business and travel expenses, provided her with a vehicle and an office, handled all production and shipment of products to customers and responded to all customer complaints. Claimant was required to attend regional sales meetings and her performance was monitored. She was further supplied with worksheets containing detailed sales and administrative procedures to be followed, including recommended sales pitches and strategies for enhancing sales. During most of the relationship, claimant was paid a monthly salary in addition to sales commissions for which she was required to submit weekly reports of her sales contacts and the number of sales made. After March 1996, she was provided with a 10% sales commission as her basis of compensation and was no longer reimbursed for expenses.

Substantial evidence supports the Board's decision finding the existence of an employment relationship (*see, Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752, *lv dismissed* 92 NY2d 886). That the written agreement between claimant and TDI was entitled "Independent Consultant Agreement" and that claimant was specifically referred to therein as an independent contractor does not dictate a contrary result (*see, id.*, at 752; *see also, Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, *lv denied* 89 NY2d 817). We note that while evidence was presented that might have supported a contrary outcome, substantial evidence nonetheless supports the decision that under the Labor Law, claimant and those similarly situated were TDI's employees (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.