■ In the Matter of FOLKENFLIK & McGERITY, Appellant. COMMISSIONER OF LABOR, Respondent. [870 NYS2d 604]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 2006, which assessed Folkenflik & McGerity for unemployment insurance contributions based on the remuneration paid to its paralegals.

The Commissioner of Labor issued an initial determination assessing the employer, a law firm, $4,351.63 in unemployment insurance contributions based on remuneration paid to several paralegals and one bookkeeper. The employer requested a hearing, objecting to that determination on the basis that the book-

keeper was not an employee. Following the hearing, the Administrative Law Judge (hereinafter ALJ) sustained the employer's objection and overturned the initial determination, and the Commissioner thereafter issued a revised determination. The employer then requested another hearing, contending that the issue of the paralegals' status had also been determined in its favor by the ALJ during the previous hearing. The Unemployment Insurance Appeal Board ultimately found that, among other things, the employer's original objection to the assessment of contributions had been limited to only the bookkeeper. As such, the Board sustained the Commissioner's revised determination providing for contributions based upon remuneration paid to the paralegals. The employer now appeals.

The employer asserts that the Board's decision is barred by the doctrine of res judicata because the ALJ's first decision resolved the issue of contributions based upon remuneration paid to the paralegals. We disagree. The record reveals that, when requested to specify the basis for its hearing request, the employer limited its objection to the status of the bookkeeper. Indeed, at the outset of the hearing, the employer confirmed that the focus of its objection pertained to the bookkeeper. It is further noted that the ALJ's decision discussed only the bookkeeper and made no mention of the paralegals. Inasmuch as the only issue raised by the employer and resolved by the ALJ concerned the status of the bookkeeper, the Board's decision relating to the paralegals is not barred by the doctrine of res judicata (*see Matter of McKenna [Can Am Rapid Courier— Sweeney]*, 233 AD2d 704, 705 [1996], *lv denied* 89 NY2d 810 [1997]).

We have examined the employer's remaining claim, premised on timeliness grounds, and find it to be unavailing.

Mercure, J.P., Spain, Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.