■ In the Matter of DAVID GENTILE NURSING SERVICES, P. C., Doing Business as PERSONALIZED CARE NURSING SERVICES, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 16, 1983, which ruled that the registered nurses and licensed practical nurses who performed nursing services for the patients or clients were employees and that the employer was liable for unemployment insurance contributions on the remuneration paid to them.

David Gentile Nursing Services, P. C., doing business as Personalized Care Nursing Services (Personalized), is a professional corporation engaged in the business of providing the services of professional and licensed practical nurses to various clients in need of such services. Personalized, through advertising and word of mouth in the health care industry, seeks registered and licensed practical nurses who are interested in being assigned to

care for patients. It keeps a card on each applicant listing his or her qualifications and specialties, if any, the requested hourly rate sought, and the days and hours that they are available for assignment. When Personalized has a request for service, it contacts the nurses to ascertain if they are then available and willing to take the assignment and, if so, they are referred to the party requesting service. The record reveals that the nurses are free to decline an assignment without fear of being later penalized. On assignment, they work under the direction and control of the patient or the patient's physician. The nurses provide their own liability insurance and their own transportation, equipment and supplies. They receive no remuneration or reimbursement of any kind for any expense, nor do they receive schooling or instruction from Personalized. At week's end, the nurses submit a statement of the hours they have worked to Personalized, which, each week, pays the nurses at the hourly rates previously determined through individual negotiation. Personalized charges each of their clients a fee, but no part of it is charged against the nurse's earnings. There is no withholding of any kind and no insurance provided by Personalized. If a nurse is unable to work, she notifies the client and not Personalized.

The board, in reversing the administrative law judge, concluded that there was sufficient supervision, control and direction over the nurses to establish their status as employees. However, the record is without any relevant evidence of supervision, direction or control of the nurses by Personalized and the decision by its own terms is based upon conjecture and surmise. The board's expressed reliance on *Matter of Central Employment Agency (Ross)* (58 AD2d 688) is misplaced and entirely unwarranted, for in that matter not only was a vastly different factual picture presented, but, as this court noted, it was undisputed that the aides were not independent contractors. As this court indicated in the recent case of *Matter of Want Ad Digest (Roberts)* (105 AD2d 895), the cases cited therein and the plethora of other cases on this subject, although all of the relevant criteria concerning the relationship must be considered and balanced one against the other, the question of control is of paramount importance. At bar there is no evidence of control by Personalized and there is not any indication from examination of the other criteria that the relationship was one of employer-employee. On the contrary, the undisputed testimony, the applicable case law, and the lack of substantial evidence and reason all mandate a finding that the nurse whose claim gave rise to this controversy and those others similarly situated are independent contractors.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Main and Harvey, JJ., concur.

Yesawich, Jr., and Levine, JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We would affirm. The record furnishes ample justification for the board's decision. Prospective clients contact Personalized Care Nursing Services (Personalized) and, from its pool of available nurses, Personalized selects a nurse for service. If a nurse declines the position, a right which may be exercised without jeopardizing the nurse's unemployment insurance benefits (see *Matter of Furno [Panasonic Co. — Roberts]*, 102 AD2d 937, mot for lv to app den 63 NY2d 610), Personalized alone offers the employment opportunity to another. Personalized establishes the nurses' hourly wage and pays the nurses weekly based on time statements which the nurses must submit to Personalized. As a condition of payment, Personalized requires client verification of those time statements. Nurses unable to complete their assignments are not at liberty to secure their own replacements. Only Personalized bills the clients and collects payment; clients are prohibited from paying the nurses directly. By contract, Personalized forbids nurses from working independently for its clients for 90 days following termination of the nurses' affiliation with Personalized. Such active employer direction and control of client contact, of the employee's wages, and of the billing and collection from clients is symptomatic of an employer-employee relationship. Indeed, the employer's method of operation here is not materially different from that encountered in *Matter of Concourse Ophthamology Assoc. (Roberts)* (60 NY2d 734).