■ In the Matter of the Claim of CHARLES A. BERTSCH, Respondent. INTERTEK SERVICES CORPORATION, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1988, which ruled the employer liable for unemployment insurance contributions on remuneration paid to claimant as its employee and to any other persons similarly situated.

This appeal concerns the assessment of unemployment insurance contributions from the employer, a company that maintains a registry of consultants who provide temporary quality assurance and inspection services for clients. Claimant registered with the employer in June 1984 when he filled out an experience survey indicating his skill level in various areas and this information was logged in the employer's computer. In December 1985, the employer received a request from a client for a quality control inspector. Claimant's skills fit the qualifications and claimant was contacted by the employer to see if he was available for the job and willing to accept it. A rate of pay was offered and claimant indicated that rate would be acceptable and did not attempt to negotiate a higher rate. A resume with claimant's qualifications, made out by the employer, was sent to the client and the client decided to utilize claimant for the job. The employer followed up with a written work assignment which detailed a job description, starting date, projected duration of project and a fee schedule. The work assignment was subject to claimant's agreement with the employer as well as being subject to the client's guidelines.

Claimant worked at this assignment for approximately seven months until he was told by the employer not to report further. Claimant applied for unemployment insurance benefits and the local office deemed the employer to be liable based on the services of claimant and other persons performing services under similar circumstances. The employer objected, the Administrative Law Judge sustained the determination of the local office and the Unemployment Insurance Appeal Board affirmed. The employer now appeals.

Determining whether a person's status is that of an employee or independent contractor is a factual question for the Board which must be upheld if supported by substantial evidence *(see, e.g., Matter of Rivera [State Line Delivery Serv. —Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049; *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). Here, while claimant signed an independent contractor agreement, that same agreement also prohibited claimant from engaging in any activity which could be considered competitive with the services offered by the employer. While the employer points to several factors which could arguably support its contention that claimant was an independent contractor, the record in fact contains more than ample evidence to support the Board's finding that an employer-employee relationship existed and that the employer exercised substantial control over important aspects of the services performed *(see, Matter of Concourse Ophthalmology Assocs. [Roberts], supra,* at 736; *Matter of Securities Research Servs. [Roberts]*, 122 AD2d 504, 506 [dissenting mem], *vacated and affd on rearg* 125 AD2d 816, *lv denied* 69 NY2d 610).

For example, the guidelines provided by the employer required claimant to notify the employer before beginning his work assignment and of any absences or tardiness. He also had to inform the employer of any potential conflicts of interest or any problems with the work assignment. Claimant was also not to accept gifts or be entertained by clients. Claimant was instructed by the employer to be "inquisitive but tactfully so; thorough but not over-bearing; courteous but not condoning" and he was also required to dress in conformance with the clients' standards. Claimant submitted time sheets to the employer and was paid by the employer even if the employer had not been paid by the client. These facts demonstrate "active employer direction and control of client contact, of the employee's wages, and of the billing and collection from clients * * * symptomatic of an employer-employee relationship" *(Matter of Gentile Nursing Servs. [Rob-*

*erts],* 106 AD2d 763, 765 [Yesawich, Jr., J., dissenting], *revd on dissenting mem below* 65 NY2d 622). Since the Board's decision is rationally based, affirmance is necessary.

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.