■ In the Matter of FMI INTERPRETING SERVICES, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [597 NYS2d 209] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 25, 1991, which assessed FMI Interpreting Services for additional unemployment insurance contributions.

FMI Interpreting Services is an agency which supplies interpreters for the hearing impaired. When a client requests the services of an interpreter, FMI decides whom to call from its pool of interpreters. Prior to their selection by FMI, the interpreters have no contact with the client. Any complaints by the client regarding the services performed by the interpreter are made directly to FMI. FMI supplies the interpreters with forms which they have to submit twice a month so that FMI can compute the remuneration owed to them. Not only will FMI pay the interpreters even if the client fails to pay FMI, but the interpreters get paid if the client is a "no show". We therefore conclude that there is substantial evi-

dence in the record to support the determination of the Unemployment Insurance Appeal Board that the sign language interpreters engaged by FMI are its employees and not independent contractors (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736; Matter of Chopik [Newman—Hartnett], 145 AD2d 747; Matter of Gentile Nursing Servs. [Roberts], 106 AD2d 763, 765 [dissenting mem], revd on dissenting mem below 65 NY2d 622). As the Board noted, an employer-employee relationship can still exist even though the people involved are free to work for other companies (see, Matter of Chopik [Newman—Hartnett], supra). Although the record contains evidence which might support a contrary conclusion, the Board's decision finding an employer-employee relationship is supported by substantial evidence and must therefore be upheld (see, Matter of CDK Delivery Serv. [Hartnett], 151 AD2d 932, 933).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.