■ In the Matter of the Claim of JANET L. BEDIN et al., Respondents. TRUSSARDI (USA), INC., Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 653] —Carpinello, J. Appeals from three decisions of the Unemployment Insurance Appeal Board, filed September 12, 1997, which assessed Trussardi (USA), Inc. for additional unemployment insurance contributions based upon remuneration paid to claimants and others similarly situated.

In March 1995, claimant Janet L. Bedin was advised that her position as an Executive Director for the State Department of Economic Development with responsibility for export services to Italy and Spain was being eliminated. As a result, she offered to develop a public relations program for Trussardi (USA), Inc. to assist it in establishing a market in the United States for its Italian-made products. To this end, the parties entered into a formal consulting agreement whereby Bedin would be paid $10,000 per month for her services for an initial term of nine months. In furtherance of this arrangement, Trussardi provided Bedin with rented office space in New York City, reimbursed her for certain expenses and approved her hiring of claimant Michael B. Dowd as her secretarial assistant at Trussardi's expense. The Unemployment Insurance Appeal Board ruled that Trussardi exercised sufficient control over both Bedin and Dowd's services to establish that they were Trussardi employees, rather than independent contractors, and assessed Trussardi for additional unemployment insurance contributions. Trussardi appeals, primarily contending that the Board's decisions are not supported by substantial evidence.

We agree with Trussardi's contention that the record does not contain substantial evidence demonstrating that Bedin was an employee. In determining whether an employer-employee relationship exists, either control over the results produced or control over the means used to achieve the results can establish such a relationship, but the latter is the more important factor (*see, Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726). "*[I]ncidental control* over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (*id.*, at 726 [emphasis supplied]). Further, as noted by this Court in *Matter of Securities Research Servs. (Roberts)* (122 AD2d 504): "In those cases involving professional services which do not lend themselves to control over the details of the work and the results produced, the Board's determination of an employer-employee relation-

ship will be sustained if it is 'supported by substantial evidence of control over important aspects of the services performed other than results or means' " (*id.*, at 505, quoting *Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). (*See, Matter of HTA of N. Y. [Commissioner of Labor]*, 255 AD2d 733.)

On the critical issue then of whether Trussardi exercised sufficient control over important aspects of the professional services performed, our review of the record reveals only conclusory allegations by Bedin that her activities in this country were actually supervised by Trussardi. Most of Bedin's substantive meetings with Trussardi representatives occurred in Italy. Although Bedin testified to daily telephone calls and facsimiles with Trussardi officers in Italy, these communications were largely in the nature of progress reports on her activities. Mere suggestions from Trussardi officials in Italy of potential contacts to be pursued in this country, for example, do not constitute control over "important aspects" of the services Bedin performed.

Moreover, while we are cognizant that the provision in the written contract between Bedin and Trussardi identifying Bedin as an "independent contractor" is not dispositive of the issue of her employment status (*see, Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, *lv denied* 89 NY2d 817; *Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220), it is nonetheless a factor to be considered (*see, Matter of Wilde [Enesco Imports Corp.—Sweeney]*, supra; *Matter of Watz v Ross*, 60 AD2d 259, *affd* 46 NY2d 876; *see generally*, *Felice v St. Agnes Hosp.*, 65 AD2d 388, 396). The only indicia of control which is documented within the agreement itself was that Bedin was to "comply with the instructions of Trussardi's Board of Directors". To this end, we note that "a contract is no less independent in its character because it contains stipulations to the effect that the work is to be done 'in accordance with instructions' " (2A NY Jur 2d, Agency, § 380, at 426). Because the record indicates that Bedin acted essentially autonomously as a public relations consultant for Trussardi, we find it lacking in substantial evidence of an employer-employee relationship between these parties.

We reach a contrary result with respect to Dowd, who provided secretarial services under the direct supervision of Bedin but for whom Trussardi can nevertheless have liability for employer contributions pursuant to Labor Law § 560 (5). Bedin was performing work in furtherance of the sale of Trussardi products, i.e., its "usual trade * * * or enterprise"

(Labor Law § 560 [5]). Additionally, according to the terms of the consulting agreement, Bedin was not "free to do business" with anyone else (Labor Law § 560 [5]).

Trussardi's remaining contentions, including its claim of bias on the part of the Administrative Law Judge, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the decisions are modified, with costs to Trussardi (USA), Inc. against the Unemployment Insurance Appeal Board, by reversing so much thereof as found claimant Janet L. Bedin to be an employee of Trussardi (USA), Inc.; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.