Michael D. SMITH, Edward M. Benish, Jeffrey Price, and William D. Robinson, for themselves individually and as Class Representatives, Plaintiffs,

v.

CPC INTERNATIONAL, INC. and CPC Baking Distribution Company, Inc., Defendants.

No. 97 CIV. 1547 CM.

United States District Court, S.D. New York.

July 5, 2000.

Scott A. Thornton, Hampton, NY, for Plaintiffs, Smith et al., and Arasimowicz, et al.

Robert A. Horowitz, Greenberg Traurig, LLP, New York, NY, for Defendants.

## MEMORANDUM ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

McMAHON, District Judge.

In this action on remand from the Second Circuit, Plaintiffs have moved to amend the complaint to include claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, seeking certain employee benefits from Defendant CPC (hereinafter "Bestfoods")[1] and its sponsored benefit plans. In an amended order

---

1. CPC's corporate name changed to Bestfoods in 1998.

dated February 7, 2000, the Court denied the Plaintiffs' first request to amend the complaint. Following the February 28, 2000 pretrial conference, the Court granted Plaintiffs the opportunity to file papers in support of their motion to reconsider the February 7 order. Because I hold that amending these claims would be futile, Plaintiffs' motion is denied.

BACKGROUND

In their original complaint filed on March 7, 1997, Plaintiffs, former driver-distributors for Defendants' baked goods, alleged a variety of state and federal claims, including three separate fiduciary duty breaches under ERISA. Plaintiffs alleged that pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a), they were beneficiaries of Bestfoods' ERISA plans, and that Bestfoods breached its duty to them through its failure to allow the Plaintiffs to participate and receive benefits from those plans, as written. Specifically, the complaint alleged that Bestfoods: (1) failed to discharge its duties with respect to the plans solely in the interest of Plaintiffs as required under ERISA § 404(a)(1)(A); (2) failed to discharge its duties in a prudent manner as required under ERISA § 404(a)(1)(B); (3) engaged in self-dealing, in violation of ERISA § 406(b)(1); and, (4) used plan assets for its own benefit, in violation of ERISA § 406(a)(1)(D). (Cplt.¶¶ 35–39.) Further, Plaintiffs alleged that Bestfoods violated the provisions of ERISA § 510 by deliberately interfering with Plaintiffs' attainment of benefits under its ERISA plans. (*Id.* at ¶ 39.)

In two separate opinions, Judge Jones of this Court dismissed all the state and federal claims, including the ERISA claims and a common law claim of negligent misrepresentation, and granted Defendants summary judgment on three breach of contract claims. *See Smith, et al. v. CPC Int'l Inc., et al.,* 1998 WL 50204 (S.D.N.Y. Feb.6, 1998); *Smith, et al. v. CPC Int'l*

*Inc., et al.,* 1998 WL 85863 (S.D.N.Y. Feb.27, 1998). Plaintiffs appealed. The Second Circuit affirmed all of Judge Jones' rulings but dismissal of the breach of contract claims. Thus, on remand to this Court, the sole issue to be decided is whether Defendant has shown "good cause" to terminate Plaintiffs' distributorships. *See Smith, et al. v. CPC Int'l et al.,* 177 F.3d 110 (2d Cir.1999).

Plaintiffs now move to amend the complaint to include claims brought under ERISA § 502(a)(1) for benefits they allege are owed them under the following plans administered by the Defendants: the Bestfoods Savings/Retirement Plan for Salaried Employees (the "Savings Plan"); the Bestfoods Non–Contributory Retirement Income Plan for Salaried Employees (the "Pension Plan"); and the Bestfoods Salaried Employees Health Care Plan ("Health Plan")(collectively, the "Plans"). Plaintiffs argue that the § 502(a)(1) claim they propose now is distinct from the earlier ERISA claims disposed of by Judge Jones because it simply alleges that Plaintiffs, as former "employees" of Bestfoods, are entitled to benefits under the Plans. Plaintiffs did not include this claim in the original complaint because (1) the Plans were not made available to the Plaintiffs at the time of the initial complaint and (2) Plaintiffs had not claimed any benefits administratively through the plans themselves. Since the filing of the initial complaint, Plaintiffs filed for administrative review of their entitlement claim and were denied by the Bestfoods Plan Administrator. (*See* Patterson letter to Thornton, Dec. 19, 1997, attached to Def's Mem. at Ex. D). Plaintiffs' appeal was also denied. (*See* Bergeman letter to Thornton, May, 28, 1998 and Patterson letter to Thornton, May 29, 1998, *id.* at Exs. E, F.)

Defendants oppose the instant motion on the ground that any amendment would be futile because Plaintiffs fail to state a claim under ERISA.[2]

---

**2.** Defendants also agree that Plaintiffs' denial

of benefits claim was not ripe until well after

## DISCUSSION

*Standard*

■ Under Rule 15 of the Fed.R.Civ. P., leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Amendment may be denied if the amended claim would be futile. In this circuit, an amendment to a pleading is deemed futile "if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Barrett v. United States Banknote Corp.*, 806 F.Supp. 1094, 1098 (S.D.N.Y.1992). Rule 12(b)(6) motions may only be granted where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Citibank, N.A. v. K–H Corp.*, 968 F.2d 1489, 1494 (2d Cir.1992).

■ In deciding whether Plaintiffs should be granted leave to amend, this Court must determine whether Plaintiffs state a claim under ERISA. And when reviewing a Plan Administrator's denial of eligibility for an ERISA plan, a district court may review the decision *de novo*. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). I find that, because Plaintiffs are precluded from relitigating the issue of whether they are employees within the meaning of ERISA, they fail to state a claim upon which relief may granted.

*Plaintiffs Are Precluded from Relitigating the Question of Employee Status under ERISA*

■ Each of the ERISA Plans at issue covers only Bestfoods "employees." (*See* Defendant's Ex. A. §§ 1.13, 21.; Ex. B §§ 1.15,2.1; Ex. C §§ 1.17,2.1.) [3] Defendants argue that amendment is futile because this Court has already determined that Plaintiffs are not "employees" within the meaning of ERISA and therefore are precluded from bringing the proposed claims. In the alternative, Defendants argue that Plaintiffs are not eligible for the Plans. Plaintiffs argue that amendment is not futile because (1) plaintiffs *are* employees within the meaning of ERISA and (2) their ERISA benefits were denied in violation of the Plans.

Defendants are correct. This Court has already determined that, as a matter of law, Plaintiffs were not employees of Defendants, and the Second Circuit upheld that determination. Plaintiffs are therefore estopped from relitigating that issue on remand.

Plaintiffs contend that their original ERISA claims were dismissed by Judge Jones under Rule 12(b)(6) because they had failed to plead with sufficiency that CPC was in any sense an ERISA "fiduciary," not because they were not "employees" for ERISA purposes. Defendants argue that Judge Jones' dismissal of the ERISA claim, and the Second Circuit's affirmance, required a finding that Plaintiffs were not "employees" for ERISA purposes. I agree with Plaintiffs and disagree with Defendants. See *Smith, et al. v. CPC Int'l, Inc., et al.*, 97 Civ. 1547, 1998 WL 50204, slip op. at 7 (S.D.N.Y. Jan. 30, 1998); *Smith, et al. v. CPC Int'l, et al.*, 201 F.3d 432, 1999 WL 1067649 (summary order)(2d Cir. April 16, 1999).

However, Judge Jones also dismissed a claim for negligent representation that was

---

the Amended Complaint in this action had been filed.

**3.** Each of the Plans was amended on December 19, 1996 to confirm Bestfoods' existing policy and intention. They state in pertinent part:

For the avoidance of doubt, Employee shall not include any individual for any period during which the individual (i) is subject to an agreement, signed by the individual, which provides that the individual has no claim to any benefits paid by the Company to or for the benefit of its employees, or (ii) without regard to any retroactive change in treatment, is contemporaneously treated by the Company for the federal income tax purposes as other than a common law employee through issuance of a Form 1099 rather than a Form W–2.

(Defendants' Memorandum in Opp. at 2.)

predicated entirely on alleged misstatements about Plaintiffs' employment status. Her dismissal of that claim, and the Second Circuit's affirmance, is enough to bar relitigation of the "employee" question in the ERISA context.

The Supreme Court has determined that, under ERISA (unlike the Fair Labor Standards Act, which governed the standard discussed by this Court in a related case, *McGuiggan, et al. v. CPC Int'l et al.*, 84 F.Supp.2d 470 (S.D.N.Y.2000)), traditional common law agency principles govern the determination of employment status. *See Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). Those common law principles are centered on the control test, which examines "the hiring party's right to control the manner and means by which the product is accomplished." '*See id.* (quoting *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 751–752, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)). Among the factors considered in determining employer's control over an employee are:

> the skill required; the source of instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's role in hiring and paying assistants; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.*

Contrary to Plaintiffs' assertion in their papers, the common law test of agency discussed in *Darden* is the same test applied by New York courts in addressing a variety of employer-employee relationships. *See* 36 N.Y.Jur.2d, Employment Relations § 4 (1996)("The really essential element of the [employer-employee] relationship is the right of control, that is, the right of one person, the master, to order and control the other, the servant, in the

performance of work by the latter. . . ."); *Fitzpatrick v. Holimont Inc.*, 247 A.D.2d 715, 669 N.Y.S.2d 88 (1998)(applying common law agency test to workers'· compensation determination); *In the Matter of HTA Of New York Inc.*, 255 A.D.2d 733, 680 N.Y.S.2d 725 (1998)(applying common law agency test to review of unemployment compensation board's determination).

In her original opinion, Judge Jones dismissed Plaintiffs' state law negligent misrepresentation claim, which was premised on the allegation that Plaintiffs had been common law "employees" of Bestfoods. The alleged misrepresentation was that Bestfoods told Plaintiffs they were "independent distributors, rather than employees" and "failed to treat them as employees for tax purposes." *Smith*, 1998 WL 50204 at *4. Judge Jones held that this would constitute a misrepresentation claim only if the distributors were, in fact, employees and not independent distributors. *See Id.* Judge Jones concluded that Plaintiffs failed to state a claim that any negligent misrepresentation was made, even though they alleged in the complaint that they were Bestfoods employees because Bestfoods exercised control over them by virtue of twenty-four specific "control factors." *See id.*; (Am.Cplt.¶ 26.) Thus, she necessarily found that the facts alleged in the complaint did not make Plaintiffs "employees" under traditional state law principles. The Second Circuit affirmed dismissal of this claim. *See Smith*, 201 F.3d at 432. The issue is now foreclosed.

CONCLUSION

Plaintiffs' motion to amend the complaint is denied.

This case has been consolidated for trial with *Arasimowicz v. Bestfoods*, 99 Civ. 8977, with trial scheduled to begin September 25, 2000.

This constitutes the decision and order of this Court.