■ In the Matter of DONNA PARKER HABITAT, LTD., Appellant. COMMISSIONER OF LABOR, Respondent. [721 NYS2d 292] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 1999, which, upon reconsideration, adhered to its prior decision assessing Donna Parker Habitat, Ltd. for additional unemployment insurance contributions.

Donna Parker Habitat, Ltd. (hereinafter Habitat) operates an antique store that employed a claimant for unemployment insurance benefits, Rosemary Meyer, as a salesperson during the base period of her claim. Finding that Meyer and other salespersons were employees of Habitat, the Unemployment Insurance Appeal Board ruled that Habitat was liable for additional unemployment insurance contributions on the remuneration paid to the salespersons. On this appeal, Habitat argues, inter alia, that it was denied due process because it was not permitted to cross-examine Meyer and two Department of Labor employees who were involved in the audit that preceded the initial assessment of additional contributions.

Inasmuch as Habitat conceded that Meyer was an employee, Meyer's testimony was unnecessary and the hearing focused

on whether the terms and conditions under which the other salespersons worked differed from Meyer's employment. Although Habitat's representative made repeated generalized claims that all other salespersons were independent contractors and that Meyer's situation was entirely different, the only specific distinguishing feature identified by Habitat was that the other salespersons owned independent service businesses, such as interior decorating or antique restoration, which they marketed to Habitat's customers while working as salespersons in Habitat's store. However, "an employer-employee relationship can still exist even though the people involved are free to work for other[s]" (*Matter of FMI Interpreting Servs. [Hudacs]*, 192 AD2d 1006, 1007). Accordingly, the concurrent self-employment of the salespersons did not preclude the Board from treating them the same as Meyer for the purpose of their relationship with Habitat. In these circumstances, there was no violation of Habitat's right to cross-examine witnesses (*cf., Matter of Mintzer [Sheft—Commissioner of Labor]*, 256 AD2d 965). The witnesses identified by Habitat did not testify and Habitat neither sought an adjournment nor requested the issuance of subpoenas to compel their testimony. Habitat's other arguments concerning the audit are similarly unavailing.

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.