McCarthy, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 26, 2013, which ruled that Legal Interpreting Services, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
Legal Interpreting Services, Inc. (hereinafter LIS) is engaged in the business of providing interpreting services. It retained individual interpreters like claimant to provide such services to its clients. When claimant’s work with LIS ceased, she filed two claims for unemployment insurance benefits. After the Department of Labor initially determined that claimant was eligible to receive benefits, a hearing was conducted and an Administrative Law Judge upheld the initial determination. On administrative appeal, the Unemployment Insurance Appeal Board affirmed, ruling that claimant and others similarly situated were employees of LIS, and not independent contractors. LIS appeals.
The existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 [2014]; Matter of Singh [Thomas A. Sirianni, Inc.— Commissioner of Labor], 43 AD3d 498, 498 [2007]). Here, the *1089 evidence established that claimant responded to an advertisement for interpreters posted online by LIS, was screened and approved by LIS, and executed a contract specifying the hourly rate of compensation and setting forth numerous rules of conduct.* Clients contact LIS to request interpreter services; LIS then selects one of its interpreters, contacts the interpreter and provides him or her with the details of the assignment. Once committed to an assignment, interpreters may not send a substitute without that substitute having been prescreened by LIS. LIS supplies its interpreters with time sheet forms that must be submitted within 24 hours of an assignment and pays the interpreters directly based upon an hourly rate of pay set forth in the interpreters’ contracts with LIS. LIS also reimburses interpreters for transportation costs associated with assignments. Notwithstanding record proof that could support a contrary result, the foregoing proof constitutes substantial evidence supporting the determination that claimant and others similarly situated are employees of LIS and not independent contractors (see Matter of Scinta [ExamOne World Wide Inc.— Commissioner of Labor], 113 AD3d at 960-961; Matter of Tekmitchov [Musika LLC], 110 AD3d 1301, 1301 [2013], lv dismissed 23 NY3d 941 [2014]; Matter of FMI Interpreting Servs. [Hudacs], 192 AD2d 1006, 1006-1007 [1993]; compare Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043-1044 [2013]; Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1344 [2013]).
Lahtinen, J.E, Rose, Egan Jr. and Lynch, JJ., concur.
Ordered that the decisions are affirmed, without costs.

 Contrary to LIS’s argument, this case is distinguishable from Matter of Richins (Quick Change Artistry, LLC —Commissioner of Labor) (107 AD3d 1342 [2013]). There, among other things, the claimant worked only six days for the company, was not screened and did not sign a contract.