*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015          520307
_____

In the Matter of the Claim of
    JOHN FARLEY,
                    Appellant.

TOYOTA TSUSHO AMERICA INC.,                MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        John Farley, Monroe, Connecticut, appellant pro se.

        Littler Mendelson, PC, New York City (Phillip M. Berkowitz
of counsel), for Toyota Tsusho America Inc., respondent.

_____

Garry, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed March 28, 2014, which ruled that claimant was
ineligible to receive unemployment insurance benefits because he
was an independent contractor.

        Claimant challenges decisions of the Unemployment Insurance
Appeal Board that reversed an Administrative Law Judge decision
and ruled that claimant was ineligible to receive unemployment
insurance benefits because the nature of his contracting services
with Toyota Tsusho America Inc. was that of an independent
contractor rather than an employee.  The record establishes that
claimant's position as vice-president of human resources with

Tomen America Inc. was eliminated when Toyota negotiated to purchase assets of Tomen and acquire many of its employees. Claimant negotiated and drafted an agreement with both Tomen and Toyota whereby he served as a consultant for both companies, during set periods, to provide post-integration support in human resource matters with regard to the Tomen employees being assimilated by Toyota.  As a consultant with Toyota, claimant worked three to five days a month and set his own schedule.  He was not required to report to any supervisor, was not given any direction by anyone, did not submit his work for review, did not participate in regular human resource meetings and was issued an identification badge indicating that he was a contractor. Claimant submitted a monthly invoice for an agreed-upon payment, which, pursuant to the agreement drafted by claimant, withheld no taxes.  Although claimant points to evidence that could support a contrary result, substantial evidence supports the Board's finding that no employer-employee relationship existed inasmuch as claimant "acted essentially autonomously" as a human resources consultant for Tomen (Matter of Bedin [Trussardi(USA)-Commissioner of Labor], 257 AD2d 809, 810 [1999]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 438 [2015]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court