*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    519710
_____

In the Matter of the Claim of
    KARINE KARAPETYAN,
                        Respondent.

CP LANGUAGE INSTITUTE INC.,                MEMORANDUM AND ORDER
                        Appellant.

COMMISSIONER OF LABOR
                        Respondent.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

_____

        Law Offices of Samuel Chuang, Flushing (Samuel Chuang of counsel) and Law Firm of James Scott Yoh, Flushing (James Scott Yoh of counsel), for appellant.

        Catherine A. Barber, Albany, for Karine Karapetyan, respondent.

_____

Rose, J.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 20, 2013, which ruled, among other things, that CP Language Institute Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        CP Language Institute Inc. (hereinafter CPLI) is engaged in the business of providing interpreter services, primarily for medical facilities, social service agencies and legal practices. CPLI challenges two decisions of the Unemployment Insurance

Appeal Board finding that claimant, a Russian interpreter, and those similarly situated were employees of CPLI and not independent contractors.

The record establishes that CPLI advertises for language service interpreters, like claimant, to provide translation services for its clients. An interpreter is required to submit a resume and, after being interviewed by CPLI and receiving a sufficient score on a written language proficiency test, CPLI adds the interpreter to its roster. CPLI maintains a file of each interpreter's qualifications that includes a resume, reference letters, proficiency exam and availability. CPLI notifies an interpreter of assignments, which can be accepted or declined by the interpreter. Once an assignment is accepted, however, the interpreter is required to notify CPLI if he or she becomes unavailable and CPLI, not the interpreter, provides a substitute if needed.

Furthermore, claimant signed an agreement with CPLI that included guidelines regarding punctuality, attire, performance and conduct when providing services to CPLI clients. Although claimant could work for other agencies that provided translation services, she was subject to a 12-month noncompete clause following termination of her relationship with CPLI. In addition, claimant was provided with a picture identification badge with CPLI's name. Claimant was paid by CPLI following the submission of time sheets, regardless of whether CPLI was paid by the client. Any complaints from a client were handled by CPLI. Although there is evidence in the record that could support a contrary conclusion, the foregoing provides substantial evidence to support the decision of the Board that an employer-employee relationship exists (see Matter of Ruano [Interpreting Servs., Inc.-Commissioner of Labor], 118 AD3d 1088, 1089 [2014], lv dismissed 24 NY3d 1039 [2014]; Matter of FMI Interpreting Servs. [Hudacs], 192 AD2d 1006, 1007 [1993]). CPLI's remaining contentions, including that we should strike the brief filed by claimant's assigned counsel, have been reviewed and found to be without merit.

Peters, P.J., Garry and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court