Matter of Sischo (Commissioner of Labor) (2020 NY Slip Op 00894)





Matter of Sischo (Commissioner of Labor)


2020 NY Slip Op 00894


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

527817

[*1]In the Matter of the Claim of Carol J. Sischo, Respondent. Safeguard Properties LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Baker & Hostetler LLP, New York City (Todd H. Lebowitz of Baker & Hostetler LLP, Cleveland, Ohio, admitted pro hac vice), for appellant.
David E. Woodin, Catskill, for Carol J. Sischo, respondent.



Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 25, 2018, which ruled that Safeguard Properties LLC is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Safeguard Properties LLC is a property preservation company that preserves vacant properties for lenders on homes that have delinquent loans and utilizes field inspectors, such as claimant, to perform occupancy inspections. Safeguard terminated its relationship with claimant after she did not participate in a mandatory conference call. Thereafter, claimant sought unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board ruled, in two decisions filed September 25, 2018 and which reversed the finding of the Administrative Law Judge, that an employer-employee relationship existed between Safeguard and claimant and found Safeguard liable for contributions on remuneration paid to claimant and others similarly situated. Safeguard appeals.
"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the
. . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Mitchell [Nation Co. Ltd Partners-Commissioner of Labor], 145 AD3d 1404, 1405 [2016]). "'Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically'" (Matter of Millennium Med. Care, P.C. [Commissioner of Labor], 175 AD3d 755, 756 [2019], quoting Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016] [citations omitted]). "Although no single factor is determinative, the relevant inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being the more important factor" (Matter of Cushman & Wakefield, Inc. [Commissioner of Labor], 154 AD3d 1034, 1035 [2017] [citations omitted]).
The record establishes that claimant, who did not have an inspection business or any other business entity, applied for the field inspector job upon a recommendation of a friend. Inspectors, such as claimant, were sent work orders to perform inspections on properties and were required to complete such inspections within a time frame set by Safeguard. Field inspectors were assigned a regional supervisor to contact regarding questions and problems that arose in connection with the inspections, or to request extensions of time to complete a work assignment. Safeguard prioritized the work order assignments, required field inspectors to adhere to a dress code, provided instructions as to various aspects of how a work assignment was to be completed and, with regard to claimant, paid her every two weeks. Safeguard provided a replacement if a field inspector could not perform an assignment and required field inspectors to provide 30 days' notice of scheduled vacations, reserving the right to deny such vacation requests. Any complaints by customers or clients were handled by Safeguard.
The record also discloses that field inspectors were required to use a computer compatible with software provided by Safeguard. Safeguard provided stickers and door hangers to inspectors and required that stickers bearing Safeguard's name be affixed to vacant properties. Safeguard tracked field inspectors' productivity and required their participation in regular mandatory telephone conferences to discuss work quality. Disciplinary action would be imposed upon field inspectors who failed to respond to Safeguard's contacts.
Although Safeguard points to several factors that could support its contention that claimant was an independent contractor, we find that the foregoing provides substantial evidence to support the Board's finding that an employer-employee relationship existed and that Safeguard exercised sufficient control over important aspects of the services performed (see Matter of Goldberg [Coronet Studio of Scarsdale-Hudacs], 187 AD2d 823, 824 [1992], lv denied 81 NY2d 708 [1993]; Matter of Bertsch [Intertek Servs. Corp.-Hartnett], 159 AD2d 898, 899 [1990]; Matter of Universal Home Inspection [Roberts], 89 AD2d 1050, 1051 [1982], lv denied 58 NY2d 607 [1983]). Further, we are unpersuaded by Safeguard's contention that the Board improperly held that its finding with regard to the existence of an employment relationship applied to all other similarly situated field inspectors (see Labor Law § 620 [1] [b]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157 [2015]). To that end, "[i]n the event that there are distinguishing factual questions relating to any other individuals who are field inspectors, they may be addressed in separate proceedings" (Matter of Booth [Eagle Intl., Inc.-Commissioner of Labor], 26 AD3d 692, 694 [2006]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.