Matter of Mammone (Commissioner of Labor) (2025 NY Slip Op 00137)

Matter of Mammone (Commissioner of Labor)

2025 NY Slip Op 00137

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-24-0166
[*1]In the Matter of the Claim of Frank Mammone, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Frank Mammone, Brooklyn, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 2023, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
Claimant, a clothing consultant, filed an original claim for unemployment insurance benefits, effective February 20, 2023, establishing a base period of October 1, 2021 through September 30, 2022 and an alternate base period of January 1, 2022 through December 30, 2022. It is undisputed that during these periods claimant worked for the purported employer, a clothing company that designs, develops and produces clothing and accessories using its label. The Department of Labor, however, determined that claimant was an independent contractor and not an employee and, therefore, he was not entitled to receive unemployment insurance benefits because his earnings could not be used to establish a valid claim. Following a hearing, this determination was upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board. This appeal by claimant ensued.
Claimant contends that he was erroneously considered an independent contractor in connection with earnings received from consulting services provided to the clothing company and that such funds should be utilized as covered employment to establish his claim. We disagree. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Jani-King of N.Y., Inc. [Commissioner of Labor], 214 AD3d 1088, 1089 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Mena [Philips Bryant Park LLC-Commissioner of Labor], 224 AD3d 1069, 1070 [3d Dept 2024]). "Traditionally, the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets, footnotes and citations omitted]; see Matter of Paka [Same Day Delivery Inc.-Commissioner of Labor], 213 AD3d 1050, 1051-1052 [3d Dept 2023]).
The record establishes that the clothing company, which makes clothing and accessories for men, women and children bearing its logo, retained the services [*2]of claimant beginning in August 2021 through February 2023. Claimant was contacted by another consultant at the clothing company with whom he had previously worked at a different clothing company, and testified that he did not have to submit a resume or go through an application or screening process, as the consultant who contacted claimant was already aware of his 25-plus years of experience in product development and garment production. Claimant worked from home, used his own cell phone and set his own hours while maintaining flexible hours depending on the amount of work being done. Claimant set his weekly rate of pay, did not have any taxes taken out and received a tax form 1099-NEC at the end of the year. Claimant did not receive any sort of training or fringe benefits such as health or dental insurance, sick leave or vacation, and he did not have to seek approval when taking time off. The clothing company also did not provide any equipment or resources to claimant, and he did not submit any regular written reports to the clothing company or receive any performance evaluations from it. In our view, the foregoing constitutes substantial evidence to support the Board's determination that claimant was an independent contractor and not an employee of the clothing company, and claimant therefore did not have sufficient covered earnings to file a valid original claim pursuant to Labor Law § 527; thus we will not disturb the decision of the Board despite evidence that could support a contrary result (see Matter of Farley [Toyota Tsusho Am. Inc.-Commissioner of Labor], 131 AD3d 1295, 1296 [3d Dept 2015]; Matter of Tkachyshyn [Commissioner of Labor], 109 AD3d 1071, 1072 [3d Dept 2013], appeal dismissed 22 NY3d 1168 [2014], lv denied 23 NY3d 1016 [2014], cert denied 576 US 1039 [2015]; Matter of Ankhbara [Commissioner of Labor], 105 AD3d 1244, 1244-1245 [3d Dept 2013]; see also Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d 1240, 1242 [3d Dept 2018]). Claimant's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Lynch, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.